```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

SYDRIC R. REYNOLDS,

        Plaintiff,

v.                                              Case No. 3:20-cv-803-J-39MCR

C. HODGSON, et al.,

        Defendants.
_____

### ORDER

Plaintiff, an inmate of the Florida penal system proceeding pro se and as a pauper, initiated this action by filing a Civil Rights Complaint (Doc. 1; Compl.) under 42 U.S.C. § 1983. He names multiple Defendants, who are administrators or officers at Columbia Correctional Institution (CCI). Plaintiff asserts violations of the Eighth and Fourteenth Amendments and provisions of the Florida Constitution arising out of two use-of-force incidents that occurred at CCI in May and October 2017. See Compl. at 3. As relief, Plaintiff seeks monetary damages and injunctive relief. Id. at 9.

Upon initial screening of the complaint, the Court finds Plaintiff has failed to adequately set forth his claims. First, Plaintiff does not attribute factual allegations to all named Defendants. Specifically, it is unclear why Plaintiff names Defendants Allen, Whith, Roderts, and Fornes. Plaintiff does not

allege these individuals participated in the force incidents that are the basis of his claims. Rather, Plaintiff alleges Defendants Brown, Norton, and Glass physically beat him on May 9, 2017; Defendants McMunas and Dustin sprayed him with chemical agents and beat him, also on May 9, 2017; Defendant Dube instructed or allowed Defendants McMunas and Dustin to harm him; Defendants Norton, Pinkerton, and Smith beat him on October 12, 2017; and Defendant Hodgson allowed officers to spray him with chemical agents (though, it is unclear when and under what circumstances officers sprayed Plaintiff in October 2017).

Second, it appears the use-of-force incidents that occurred in May are unrelated to the force incident(s) that occurred in October. If the incidents are unrelated, Plaintiff should pursue his claims in separate civil rights actions. If the incidents are related, Plaintiff must say how they are related, and he should clarify the circumstances under which he was sprayed with chemical agents in October 2017.

Third, Plaintiff's allegations are not clear or concise. He includes seemingly unrelated and extraneous factual allegations. For instance, Plaintiff explains he was sent to the hospital after the May 9, 2017 incidents; was transferred to another correctional institution on May 11, 2017; had x-rays taken on May 16, 2017; returned to CCI on July 7, 2017; had trouble sleeping and threatened to commit suicide in mid-July, 2017; and had more x-

rays taken after the October 12, 2017 beating incident. These allegations appear unnecessary because Plaintiff does not allege Defendants denied him medical care or were deliberately indifferent to his mental health needs. To the extent Plaintiff includes these facts only to establish that he sustained injuries because of the force incidents, he should omit them. In section V of the Civil Rights Complaint form, Plaintiff may identify what injuries he contends Defendants caused. He should avoid providing a narrative explanation of the medical providers he saw, when he saw them, and what they diagnosed. If the claims proceed, Plaintiff will have an opportunity later to fully explain the facts and offer evidence, including medical records.

For the above reasons, Plaintiff must file an amended complaint on the enclosed Civil Rights Complaint form and in compliance with federal pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If Plaintiff chooses to amend his complaint, he should assess his case and name as defendants only those individuals allegedly

responsible for violating his federal constitutional rights, and he must allege how each individual is so responsible. In doing so, Plaintiff should know that supervisory liability has been rejected as a theory of recovery under § 1983. Thus, a defendant who holds a supervisory position may not be held liable simply because a correctional institution staff member violated an inmate's constitutional rights.

Additionally, any claims arising out of unrelated incidents must be pursued in a separate action, and Plaintiff should omit extraneous facts. Plaintiff must also adhere to the following instructions:

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims

4

       for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[2]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false

---

[1] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[2] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek . . . ." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

5

material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a Civil Rights Complaint form.

2. By **October 26, 2020,** Plaintiff must mail an amended complaint to the Court for filing, along with one copy of the amended complaint (including exhibits)[3] for each named defendant. The amended complaint should comply with the instructions on the form and those provided in this order. Plaintiff may proceed in this case on one basic issue or incident. He may file separate civil rights complaints to pursue any claims unrelated to those he pursues in this case.[4] Plaintiff's failure to comply with this order may result in the dismissal of this case.

---

[3] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

[4] If Plaintiff chooses to initiate new actions based on other incidents, he should consider the running of the statute of limitations.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September 2020.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Sydric R. Reynolds